# EXHIBIT "A"

EXHIBIT "A"

# RETAIL INSTALLMENT SALE CONTRACT (DEALER — SIMPLE INTEREST)

| Customer Number | Contract Number | Contract Date (Mo. Da. Yr.) | Buyer's Personal Phone | Buyer's Business Phone |
|---|---|---|---|---|
| | 5850 | 06/09/12 | (720) 27█ | (303) 421-█ |

**Buyer/Co-Buyer** (also referred to as "you, your, yours"): Name, Address, Zip of each
PATRISHA MADELYN ROSE MALARA
JERMIAH VINCENT HEISZ
6531 MARSHALL ST
ARVADA, CO 80003

**Seller/Creditor** (also referred to as "we, us, our"): Name, Address, Zip of each
LONGMONT FORD INC
235 Alpine St
Longmont, CO 80501

| | Year | Make and Model | Vehicle Identification Number | Primary Use for Which Purchased |
|---|---|---|---|---|
| ☐ New ☐ Used | 2008 | DODGE GRAND CARAVAN | ████████████2284 | ☐ personal, family, or household ☐ agricultural ☐ business ☐ other: |

Your trade-in is a: Year 2005  Make FORD  Model EXPLORER

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 1,000.00 |
|---|---|---|---|---|
| 18.950 % | $10,318.24 | $18,196.16 | $28,514.40 | $29,514.40 |

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 475.24 | 07/29/12 |

**Security:** You are giving us a security interest in the vehicle being purchased.
**Late Charge:** If payment is not received in full within 10 days after it is due, you will pay a late charge of $15.
**Prepayment:** If you pay off early, you may have to pay a minimum finance charge.
**Additional Information:** See this contract for more information about a prepayment penalty, nonpayment, default, any required repayment in full before the scheduled date, and security interests.

This contract will be assigned to: _____
(Name and address)

**Insurance:** You may obtain physical damage insurance from anyone you want that is acceptable to the Seller. If you obtain insurance from the Seller, you will pay $ N/A for the first N/A .
Credit life insurance and credit disability insurance are not required to obtain credit, will not be a factor in the credit approval process, and will not be provided unless you sign below and agree to pay the additional cost. Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.
I want:
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer

Buyer Signature _____
Co-Buyer Signature _____
Premium: _____ Term: _____
Credit Life $ N/A
Credit Disability $ N/A

THIS CONTRACT DOES NOT PROVIDE FOR AUTOMOBILE LIABILITY INSURANCE, AND SAID BUYER ALSO STATES THAT HE OR SHE HAS / DOES NOT HAVE (strike words not applicable) IN EFFECT AN AUTOMOBILE LIABILITY POLICY AS DEFINED IN SECTION 42-7-103(2), COLORADO REVISED STATUTES, ON THE MOTOR VEHICLE SOLD BY THIS CONTRACT.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash price (including accessories, services, $ 599.50 delivery and handling charge,* and $ 1,295.58 sales tax)   $ 19,143.96 (1)
2. Total down payment (if negative enter "0" and see line 4d below)
   Gross trade-in $ 1,000.00 — payoff by Seller $ N/A
   = net trade-in $ 1,000.00 + cash $ N/A
   + other _____ $ N/A
   + other _____ $ N/A
   + other _____ $ N/A   $ 1,000.00 (2)
3. Unpaid balance of cash price (1 minus 2)   $ 18,143.96 (3)
4. Other charges including amounts paid to others on your behalf (We may retain portions of these amounts):
   a. Fees to public officials (describe)
      Government certificate of title fees (includes security interest recording fee of $ N/A )   $ 52.20
      _____   $ N/A
      _____   $ N/A
   b. To insurance companies (describe)
      _____   $ N/A
      _____   $ N/A
   c. Other (describe who is paid and purpose)
      to N/A  for N/A   $ N/A
      to N/A  for N/A   $ N/A
      to N/A  for N/A   $ N/A
      to N/A  for N/A   $ N/A
   d. Net trade-in payoff to _____   $ N/A
   Total other charges and amounts paid to others on your behalf   $ 52.20 (4)
5. Amount Financed (3 + 4)   $ 18,196.16 (5)

* The delivery and handling charge represents costs and additional profit to the Seller/Dealer.

### GAP/DEBT CANCELLATION

Debt cancellation or guaranteed automobile protection ("GAP") agreements, which pay or satisfy the remaining debt after property insurance benefits are exhausted, are not required to obtain credit or any particular or favorable credit terms and will not be provided unless you sign below and agree to pay the additional cost. You may wish to consult an insurance agent to determine whether similar coverage may be obtained and at what cost. GAP benefits may decrease over the term of this contract. You may cancel GAP for any or no reason within 30 days after GAP was purchased and receive a full refund of the GAP fee or premium so long as no loss or event covered by GAP has occurred. GAP is not a substitute for collision or property damage insurance.

I want: Safeguard GAP
[Name of debt cancellation/GAP agreement]

Buyer Signature _____
Co-Buyer Signature _____
Fee/Premium: $ _____  N/A  Term _____

## CONTRACT AND AGREEMENT TO PAY

You, the Buyer and any Co-Buyer, agree to purchase the vehicle described above on the terms in this contract.
You agree to pay us (or our assignee named in this contract) the amount financed, the finance charge, and all other amounts owed to us under this contract, according to the payment schedule above and the terms of this contract. We calculate the finance charge, total of payments, and total sale price on the assumption that you will make every payment on the day it is due. Because the finance charge is calculated on a daily basis on the unpaid part of the amount financed, your finance charge, total of payments, and total sale price will be more if you pay late and less if you pay early. These changes may take the form of a larger or smaller final payment, or, at our option, more or fewer payments of the same amount as your scheduled payment, with a smaller final payment.

If you pay off early, we are entitled to a minimum finance charge of $ 0.00 .

If you pay with a check or other instrument that is dishonored or returned, you will pay us a fee of $25 (if the amount financed is $75,000 or less) or $20 (if the amount financed exceeds $75,000 or is not for personal use).

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a portion of the Finance Charge.**

## SECURITY AGREEMENT

You give us a security interest in the vehicle described in this contract and all parts or goods installed in it, all money or goods received (proceeds) for the vehicle; all insurance, maintenance, service, or other contracts we are financing for you as part of this purchase; and all proceeds from insurance, maintenance, service, or other contracts we are financing for you as part of this purchase. This includes any refunds of premiums or charges from the contracts.
This interest secures payment of all you owe on this contract. It also secures your other agreements in this contract.
You agree to make sure that the title shows our security interest (lien) in the vehicle.

By signing this contract, you agree to all of the terms on the front and the back of this contract, and you agree that you have been given a copy of it with all of the applicable blanks filled in. If you sign as a Co-Buyer, you are responsible for paying the entire debt. If you sign as a Co-Owner, your name will be on the title to the vehicle, but you will not be responsible for paying the debt. If you sign here as a Co-Owner or Co-Buyer, you agree that you know about our security interest in the vehicle and you give your consent to that interest. You agree that this contract contains our entire agreement regarding the financing of the vehicle, and that the terms of this contract cannot be modified except in writing and signed by all the parties.

Signature of _____ Buyer  Date 06/09/12
Signature of _____ ☐ Co-Buyer ☐ Co-Owner  Date 06/09/12

Seller/Secured Party  By: LONGMONT FORD INC  Date 06/09/12

No. 645-ARB. Rev. 10-09. RETAIL INSTALLMENT SALE CONTRACT   © Bradford Publishing — 303-292-2590 — www.bradfordpublishing.com — 3-12

**SEE THE BACK OF THIS FORM FOR IMPORTANT TERMS AND CONDITIONS**

# ADDITIONAL PROVISIONS

## Your Other Promises to Us

You promise that you will not sell, lease, or otherwise transfer this vehicle or any interest in it to anyone else without getting written permission from us first.

You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer.

You promise that you will not allow anyone else to obtain a lien or security interest on this vehicle or levy against it to pay a debt or judgment.

You agree to give us written notice within 10 days if your address changes from the one shown on the front of this form.

You agree to give us any information that we might reasonably request and sign any papers we may need to establish and maintain our security interest in this vehicle.

You agree not to remove this vehicle from the United States for more than 30 days before getting written permission from us.

You promise to keep this vehicle in good repair and not destroy it or use it in a way that breaks any law or violates the insurance policy on the vehicle. You agree that we may inspect this vehicle at any reasonable time.

You promise to pay any taxes, assessments, registration fees, repair bills, or other expenses in connection with this vehicle when they are due.

If we get a refund of insurance, maintenance, service, or other contract charges, we may subtract the refund from what you owe us.

You agree that, if the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under any insurance, maintenance, service, or other contracts for which charges are included in this contract and that we may cancel these contracts to obtain refunds of unearned charges to reduce what you owe.

## Insurance

You promise to have physical damage insurance (also known as "extended coverage" insurance) covering loss or damage to the vehicle as long as this contract is in effect, and you agree to give us a certificate of insurance or other proof that you have fulfilled this promise. The insurance must cover our interest in the vehicle and benefits under the insurance must be payable to us. The policy must provide for at least 10 days' written notice to us before it can be cancelled. The terms, amounts, effective dates and insurance company must meet our approval.

If you break your promise to buy physical damage insurance on the vehicle, we may, if we decide, buy the insurance, and we may, if we decide, purchase insurance that only covers our interest in the vehicle.

You agree that we may use any insurance settlement to reduce what you owe or repair the vehicle if it is lost or damaged.

If you have elected on the front of this contract to obtain any insurance, see the policies or certificates from the insurers for coverage limits and other terms and conditions.

## If You Break a Promise to Us (Default)

You will be in default if:
- you do not pay the payments as agreed;
- any important information you provide in connection with this contract is not true when you provide it;
- you die or any guarantor or surety for you dies;
- you start a proceeding in bankruptcy or one is started against you or your property;
- If you are a business, you are dissolved, terminated, or cease doing business; OR
- you break any of the other promises you made in this contract.

If you default, we may demand that you pay all you owe us at once after we give you any notice that the law requires, and we may sue to collect.

If we hire an attorney to collect what you owe under this contract, you will pay the attorney fees and court costs, as the law permits. The maximum attorney fee you will pay will be 15% of the amount you owe, unless a court awards an additional amount.

If you default, we may take (repossess) the vehicle from you after we give you any notice the law requires. We may take the vehicle only if we do so peacefully and the law allows it. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle.

If the vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If any personal items are in the vehicle when we repossess it, we may store them for you at your expense. If you do not ask for these items, we may dispose of them as the law allows.

By signing this contract, you are giving up any right you may have to require a hearing before we repossess the vehicle.

If we repossess the vehicle, you may redeem it (pay to get it back). We will tell you how much you must pay to redeem the vehicle. Your right to redeem ends when we sell the vehicle.

If we repossess the vehicle, we may claim benefits under any insurance, maintenance, service, or other contracts for which charges are included in this contract. We also may cancel these contracts to obtain refunds of unearned charges to reduce what you owe or to repair the vehicle.

If we repossess the vehicle and sell it, we will apply the money from the sale to the amount you owe after subtracting allowed expenses. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it, including attorney fees and court costs the law permits. If the money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at the highest lawful rate until you do.

If you default, the finance charge will continue in effect until all amounts owed under this contract are paid in full.

## If We Make Payments or Incur Expenses for You

You agree that we may pay taxes, registration, title, or license fees, assessments, repair bills, registration fees, insurance this contract requires, or other items related to the vehicle if these expenses are reasonable to protect the risk of loss or damage to the vehicle and if we notify you of these expenditures. You also agree that, if we do pay any of these expenses for you, the amount of the payment will accrue a finance charge at the annual percentage rate stated in this contract, and you agree to reimburse us on demand for any such payments or expenses.

## Warranties

**Unless the Seller makes a written warranty or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

## Applicable Law and Severability

Federal law and Colorado law apply to this contract.

If any provision of this contract or part thereof violates any federal, state or local law or ordinance, that provision or part thereof shall be deemed amended to so comply with the law or ordinance, and shall be construed in a manner so as to comply.

If any provision of this contract (other than the first sentence of the fourth paragraph under "Arbitration Provisions") is determined to be unenforceable by an arbitrator or a court, the remaining provisions shall be severable and enforceable according to their terms. If such first sentence is determined to be unenforceable, then all of the Arbitration Provisions will be severed from this contract and the remaining provisions shall be severable and enforceable according to their terms.

---

**Used Car Buyers Guide. The Information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in this contract of sale.**

**Spanish Translation:**

**Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

---

## SELLER'S RIGHT TO CANCEL

Seller agrees to deliver the vehicle to you on the date this contract is signed. Seller intends to assign this contract to a financial institution. If Seller does not assign this contract to a financial institution, Seller may cancel this contract upon written notice. In that event, you may enter into a new contract with different financing terms or you may pay with alternate funds arranged by you. Upon receipt of our notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. If you do not immediately return the vehicle, Seller may use any legal means to recover it (including repossession) and you will be liable for all expenses incurred in recovering the vehicle, including reasonable attorneys' fees. All terms of this contract are in full force and you are responsible for any loss or damage to the vehicle and the costs of repair of any damage while the vehicle was in your possession.

## ARBITRATION PROVISIONS

Any claim, dispute or controversy ("claim") arising under or relating to this contract or the vehicle purchase agreement (except where the purchase agreement includes its own dispute resolution provisions, in which case such provisions shall control any claim arising under or relating to the purchase agreement), whether in contract or tort, including without limitation constitutional, statutory, common law, regulatory and equitable claims and claims regarding the validity, enforceability or scope of the contract, shall, at your or our election, be resolved by binding arbitration. Such binding arbitration shall be conducted before a single arbitrator appointed in accordance with its applicable rules, by the organization you select among the following: the Better Business Bureau, American Arbitration Association, Legal Resolution Center, Judicial Arbiter Group or Judicial Arbitration and Mediation Services. A party invoking arbitration after the filing of a court action must do so within thirty (30) days of service of the Complaint or other pleading initiating the action.

The arbitration hearing shall be conducted in the applicable arbitration organization's office that is located nearest to where this contract was executed. The arbitrator shall apply governing substantive law in making an award. If the applicable arbitration rules conflict with this arbitration provision, then this arbitration provision shall control. You agree to pay any administrative fees and arbitrator's fees and costs up to a maximum of $125. We shall pay any administrative fees and arbitrator's fees and costs in excess of $125. Each party shall be responsible for its own attorney, expert and any other fees and costs. If a party unsuccessfully challenges the arbitrator's award or fails to comply with it, the other party is entitled to recover the costs, including reasonable attorneys' fees, of defending or enforcing the award.

The parties expressly agree that this arbitration provision involves and concerns interstate commerce and is governed by the Federal Arbitration Act, (9 U.S.C. § 1. et seq.), to the exclusion of any different or inconsistent state or local law or judicial rule.

You and we unconditionally waive the right to litigate all claims in court, including the right to a jury trial, to participate as a member of any class in any class action, including class arbitration, and to consolidate your arbitration with others. You and we retain any rights to self-help remedies, such as repossession, and to file a replevin action in court. Neither you nor we waive the right to arbitrate by using self-help remedies or by filing a replevin action in court. This arbitration provision shall survive any termination, payoff or transfer of this contract.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding notice applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, the buyer will not assert against any subsequent holder or assignee of this contract any claims or defense the buyer may have against the seller, or against the manufacturer of the vehicle obtained under this contract.

If this transaction contains a fee or premium for guaranteed automobile protection, all holders and assignees of this consumer credit transaction are subject to all claims and defenses which the debtor could assert against the original creditor resulting from the debtor's purchase of guaranteed automobile protection.

---

☐ This contract is assigned subject to the terms of a separate agreement.

## ASSIGNMENT

For value received, Seller assigns all of its right, title and interest in this Contract to _____
Seller expressly warrants that: (a) this Contract arose from the bona fide, ordinary course of business, sale to Buyer of the described property, (b) title to the property at the time of sale was vested in Seller, (c) Seller had the legal right to and did properly assign and deliver such title and property to Buyer, (d) such property was not misrepresented in any way to Buyer, (e) the statements of Buyer in his credit statement are true to Seller's knowledge, (f) the Collateral is free of all security interests and liens, except the within security interest, (g) Seller is the sole owner of this Contract and has the right to sell and assign same, (h) the down payment was paid in full by Buyer in cash and/or trade-in as stated herein, (i) Buyer is of lawful age and competent, (j) the signature(s) of Buyer(s) is (are) genuine, (k) the Collateral is correctly described herein, (l) Seller has made all disclosures and given all notices required by the Federal Consumer Credit Protection Act and UCCC, and (m) Buyer's obligation did not arise from a referral sale or a home solicitation sale. If any of the above warranties are false, Seller agrees to save assignee harmless and to pay all attorney fees and other costs incurred by assignee in enforcing such warranties against Seller.

---

Seller _____  By _____  Title _____  Date _____